IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ANDRE DION SHARP,                    )
                                     )
                 Petitioner,         )
                                     )
vs.                                  )          Case No. 02-CV-353-CVE-SAJ
                                     )
RONALD WARD, Warden;                 )
STATE OF OKLAHOMA,                   )
                                     )
                 Respondents.        )

## OPINION AND ORDER

Before the Court for consideration is Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus (Dkt. # 1).  Respondent filed a response (Dkt. # 7) and provided the state court records (Dkt. # 9) necessary for adjudication of Petitioner's claims.  Petitioner filed a reply (Dkt. # 11) to Respondent's response.  On March 6, 2006, Petitioner filed a motion to amend habeas petition (Dkt. # 22) along with a supporting brief (Dkt. # 23).  For the reasons discussed below, the Court finds the petition shall be denied.  In addition, Petitioner's motion to amend habeas petition shall be denied.

### *BACKGROUND*

On April 10, 2000, a drug interdiction team of the Tulsa Police Department conducted a routine search of luggage located in the baggage compartment of a Greyhound Bus while the bus was being serviced at a maintenance facility. During the search, a drug dog alerted to two pieces of luggage.  Upon return of the bus to the bus station, the passengers were told that their bus had mechanical problems and that they would be required to claim their bags so they could be reloaded onto another bus.  Petitioner Andre Dion Sharp examined the name tags on the bags and claimed the two pieces of luggage of interest by pulling them away from the group of bags and placing his carry-

on bag on top of them.  Police officers approached Petitioner, identified themselves as police officers, and obtained Petitioner's permission to talk with him.  When asked why a drug dog alerted to his luggage, Petitioner said the luggage did not belong to him.  After no one else claimed the luggage, the police officers opened it and found 21 bricks of marijuana wrapped in cellophane and dryer sheets. The total weight of the marijuana and packaging material was 29.95 pounds.

As a result of those events, Petitioner was charged with Trafficking in Marijuana in Tulsa County District Court, Case No. CF-2000-2007.  Petitioner was tried by a jury and found guilty of Trafficking in Marijuana, After Former Conviction of Two Felonies.  On December 18, 2000, the trial court sentenced Petitioner, in accordance with the jury's recommendation, to twenty-five (25) years imprisonment.  Petitioner was represented at trial by attorney Peter Astor.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA").  On appeal, Petitioner was represented by attorney Barry Derryberry.  He raised three (3) propositions of error as follows:

> Proposition 1:  The evidence was insufficient to prove that the threshold weight necessary to establish Trafficking in Marijuana existed.
>
> Proposition 2:  The evidence is insufficient to prove the element of Trafficking that the Defendant knew the quantity of marijuana was at least 25 pounds.
>
> Proposition 3:  An instruction telling the jury it must acquit the Defendant of Trafficking before considering possession, reinforced by the prosecutor, is reversible error.

(Dkt. # 7, Ex. A).  In an unpublished summary opinion, filed February 13, 2002, in Case No. F-2000-1630, the OCCA determined that none of Petitioner's claims was meritorious and affirmed the Judgment and Sentence of the trial court.  (Dkt. # 7, Ex. C).  Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court and did not seek post-conviction relief in the state

courts prior to filing his original habeas corpus petition.

Petitioner filed his original habeas corpus petition on May 3, 2002 (Dkt. # 1).  In his petition, Petitioner raises the same three (3) propositions of error raised on direct appeal to the OCCA.  <u>See</u> Dkt. # 1.  In response to the petition, Respondent contends Petitioner is not entitled to habeas corpus relief and that the petition should be denied.

As a preliminary matter, the Court shall address Petitioner's "motion to amend habeas action" (Dkt. # 22), filed in this matter on March 6, 2006.  Petitioner also filed a supporting brief (Dkt. # 23) in which he identifies his proposed claims.  After reviewing the claims identified in the supporting brief, the Court finds Petitioner seeks leave to amend his petition by adding at least four (4) new propositions of error as follows: improper enhancement based on the State's use of a repealed statute, erroneous instruction on stale "after former" convictions, ineffective assistance of counsel, and insufficient evidence to demonstrate Petitioner had the requisite possession, dominion, and control of the marijuana.

Consideration of Petitioner's motion to amend petition is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading).  <u>See</u> <u>United States v. Espinoza-Saenz</u>, 235 F.3d 501 (10th Cir. 2000).  The Court finds that the grounds identified in the brief in support of the motion to amend petition are entirely new claims and do not relate back to the original petition.  <u>See</u> <u>Woodward v. Williams</u>, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing <u>Espinoza-Saenz</u>, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed*

3

*amendment does not seek to add a new claim or to insert a new theory into the case*"); see also United States v. Duffus, 174 F.3d 333 (3d Cir. 1999).

Petitioner fails to recognize the ramifications of the one-year statute of limitations imposed on habeas corpus claims.  See 28 U.S.C. § 2244(d) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA")).  Pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  In this case, Petitioner timely filed his original petition.[1]  However, his "motion to amend habeas action" was not filed until March 6, 2006, almost 4 years after filing the original petition, or well after expiration of the one-year limitations period.  Since Petitioner's new claims do not relate back to the date of the original petition, the Court finds that, unless Petitioner is entitled to tolling of the limitations period, to allow the filing of the proposed amended petition adding new claims would frustrate the intent of Congress in enacting the statute of limitations provisions of the AEDPA.

The Court finds no statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant federal case does not serve to toll federal limitations period under 28 U.S.C. § 2244(d)(2).  Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the

---

[1] On February 13, 2002, the OCCA entered its summary opinion affirming Petitioner's judgment and sentence.  Petitioner does not indicate he sought *certiorari* review in the United States Supreme Court.  Therefore, upon entry of the OCCA's order affirming his judgment and sentence, his conviction became final on May 14, 2002, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).  Petitioner did not seek post-conviction relief in the state courts prior to filing his federal petition.  As a result, Petitioner had until May 14, 2003, to file a timely petition for writ of habeas corpus.  The original petition (Dkt. # 1) was timely filed May 3, 2002, or well before the deadline.

meaning of § 2244(d)(2)).  Second, although the statute of limitations contained in § 2244(d) may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control prevent a petitioner from timely filing his petition, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), Petitioner is not entitled to equitable tolling in this case.  Equitable tolling may be appropriate where a prisoner is actually innocent.  Id.  However, to be entitled to equitable tolling, a habeas petitioner asserting actual innocence must also demonstrate that he has pursued his federal claims diligently.  Id.  Petitioner does not claim to be actually innocent.  Furthermore, Petitioner did not exercise diligence in pursuing the new claims identified in the brief in support of the motion to amend petition.  Nothing in the record before the Court suggests that Petitioner has exhausted available state remedies for the new claims identified in the supporting brief.  Petitioner offers no explanation for his delay in pursuing his additional constitutional claims.  As a result, the Court finds no basis for equitably tolling the limitations period in this case.  Therefore, the "motion to amend habeas corpus petition" shall be denied.  The Court will consider only those claims asserted in the original petition.

## ANALYSIS

### A.  Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied for the claims raised in the petition filed in this case.  In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

5

**B.  Claims adjudicated by the OCCA**

The AEDPA amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  In this case, the OCCA adjudicated each of Petitioner's claims, as identified in the original petition, on direct appeal.  Therefore, those claims shall be reviewed pursuant to § 2254(d).

*1.  Sufficiency of the evidence (claims 1 and 2)*

As stated above, a writ of habeas corpus will not be issued on a claim adjudicated on the merits by a state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is

6

"whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. <u>Wingfield v. Massie</u>, 122 F.3d 1329, 1332 (10th Cir. 1997); <u>Messer v. Roberts</u>, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," <u>Jackson</u>, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." <u>Grubbs v. Hannigan</u>, 982 F.2d 1483, 1487 (10th Cir. 1993). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of <u>Jackson</u>. See 28 U.S.C. § 2254(d)(1); <u>Spears v. Mullin</u>, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

As his first proposition of error, Petitioner contends that the State presented insufficient evidence to prove the threshold weight necessary to establish the crime of trafficking in marijuana. Petitioner argues in his second proposition of error that the State presented insufficient evidence to prove that he knew that the quantity of marijuana was at least 25 pounds. On direct appeal, the OCCA rejected these claims, citing <u>Spuehler v. State</u>, 709 P.2d 202 (Okla. Crim. App. 1985) (in turn quoting <u>Jackson</u>, 443 U.S. at 319, for applicable standard of review), and holding that "the evidence was sufficient to prove that Sharp possessed 25 pounds or more of marijuana." (Dkt. # 7, Ex. C at 2). The OCCA also stated in footnote 1 of the opinion that "conviction of a trafficking offense under 63 O.S.Supp. 1999, § 2-415 requires the State to prove that the defendant knowingly possessed a controlled, dangerous substance, but not that the defendant knew the amount possessed." (<u>Id.</u>)

Oklahoma law provides the substantive elements of trafficking applicable to the sufficiency

7

of the evidence standard.  See Jackson, 443 U.S. at 324 n. 16.  To sustain a conviction for Trafficking

under Oklahoma law, the prosecution must prove that a defendant: (1) knowingly; (2) possessed; (3)

twenty-five or more pounds of marijuana.  See Okla. Stat. tit. 63, § 2-415.  As essential element of

the crime of trafficking in marijuana is that the weight of the marijuana be at least twenty-five

pounds. The trial court judge determined that the weight of the marijuana was a question of fact to

be resolved by the jury.  Id. at171.

    The Court disagrees with Petitioner's assertion that the evidence was insufficient to sustain

his conviction of trafficking.  Instead, after reviewing the evidence in the light most favorable to the

prosecution, the Court finds a rational jury could have reasonably found that Petitioner was in

possession of at least 25 pounds of marijuana.  At Petitioner's trial, the police officer responsible for

recovery of property testified that there were 21 bricks of marijuana with a total weight of 29.95

pounds recovered from the two pieces of luggage.  See Dkt. # 9, Tr. Trans. at 148, 152, 155.  She also

testified that the marijuana was weighed in its original wrapping consisting of cellophane and dryer

sheets.  Id. at 159.  She did not know the weight of the cellophane and dryer sheets.  Id. at 160.  The

record also contains the testimony of another police officer who estimated that there was "about 150

grams of dryer sheets and cello wrap here" when examining only one of the 21 bricks.  Id. at 78-79.

The Court finds it significant that the jury had access to all twenty-one bricks of marijuana, including

all of the packaging material, during deliberations.  Although the jury was not provided scales for

weighing the material, they could nonetheless evaluate firsthand using common sense whether the

weight of the cellophane and dryer sheets used to wrap the marijuana was less than 5 pounds, and,

therefore, whether the weight of the marijuana totaled at least 25 pounds. Petitioner has failed to

demonstrate that the OCCA's adjudication of his claim challenging the sufficiency of the evidence

of the weight of the marijuana was an unreasonable application of <u>Jackson</u>.  28 U.S.C. § 2254(d).

As his second argument, Petitioner claims that there was no evidence that he knew the marijuana weighed twenty-five pounds as required to sustain a conviction of trafficking.  On direct appeal, the OCCA set forth its interpretation of Oklahoma's statute defining the criminal offense of Trafficking.  As a matter of state law, the OCCA determined that "a trafficking offense . . . requires the State to prove that the defendant knowingly possessed a controlled, dangerous substance, but not that the defendant knew the amount possessed."  <u>See</u> Dkt. # 7, Ex. C at 2 n.1. This Court is bound by the state court's interpretation of state law. <u>See</u> <u>Hawkins v. Mullin</u>, 291 F.3d 658 (10th Cir. 2002) (citing <u>Mullaney v. Wilbur</u>, 421 U.S. 684, 691 (1975); <u>Bouie v. City of Columbia</u>, 378 U.S. 347, 350 (1964); <u>McDonald v. Champion</u>, 962 F.2d 1455, 1462 (10th Cir. 1992) (noting it was not habeas court's task to determine whether state court's decision interpreting state statute was "correct")). Therefore, based on the OCCA's interpretation of state law, the State was required to prove that Petitioner knowingly possessed marijuana, but not that he knew he was in possession of at least 25 pounds. Petitioner is not entitled to habeas corpus relief on this claim.

In summary, upon review of the trial transcript, the Court agrees with the OCCA that the evidence presented at Petitioner's trial, viewed in the light most favorable to the prosecution, was sufficient to support his conviction of Trafficking in Marijuana. The Court finds no room for reasonable debate as to whether the evidence at trial was sufficient for a rational juror to be convinced of that fact beyond a reasonable doubt.  The Court concludes that Petitioner has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on his challenges to the sufficiency of the evidence for the conviction of Trafficking in Marijuana shall be denied.

### 2.  *Instructional error/prosecutorial misconduct (claim 3)*

As his third proposition of error, Petitioner argues that the trial court erred in instructing the jury that it had to acquit Petitioner of trafficking before it could consider the lesser included offense of possession and that the error was reinforced by comments made by the prosecutor during closing argument.  See Dkt. # 1.  Because Petitioner lodged no objection to the instructions at trial, the OCCA reviewed for plain error and rejected this claim, finding that "there was no plain error in failing to instruct the jury with OUJI-CR 2d 10-27."[2]  (Dkt. # 7, Ex. C at 2).  In a footnote, the OCCA cited Graham v. State, 27 P.3d 1026 (Okla. Crim. App. 2001), and noted that the trial court instructed Petitioner's jury that "if you have a reasonable doubt of the defendant's guilt of the charge of TRAFFICKING IN ILLEGAL DRUGS, you must then consider the charge of POSSESSION OF CONTROLLED DRUGS," thereby informing them that if they had a reasonable doubt as to Sharp's guilt for the greater offense, they should consider the lesser offense.  See Dkt. # 7, Ex. C at 2.

 "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal."  Henderson v. Kibbe, 431 U.S. 145, 154 (1977).  "The degree of prejudice from the instruction error must be evaluated in the context of the events at the trial."  Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.1995) (citing United States v. Frady, 456 U.S. 152, 169 (1982)).  Moreover, "[a]n omission, or an incomplete instruction, is less

---

[2]     The uniform instruction referenced by the OCCA provided as follows: "[i]f you have a reasonable doubt as to which offense the defendant may be guilty of, you may find him/her guilty only of the lesser offense.  If you have a reasonable doubt as to the guilt of the defendant on all such offenses, you must find him/her not guilty of any crime."  See Graham v. State, 27 P.3d 1026, 1027 (Okla. Crim. App. 2001) (quoting OUJI-CR 2d 10-27).

likely to be prejudicial than a misstatement of the law." <u>Cupp v. Naughten</u>, 414 U.S. 141, 155 (1973).

After reviewing the trial transcript and Petitioner's arguments, the Court finds that Petitioner was not deprived of a fair trial based on the jury instructions.  As determined by the OCCA in its plain error review, the trial court failed to give OUJI-CR 2d 10-27.  However, the trial court added language to the instruction defining the lesser included offense of possession of a controlled drug, which served to apprise the jury that they should consider the charge of possession if they had reasonable doubt of Petitioner's guilt of trafficking.  <u>See</u> Dkt. # 7, Ex. G.  Thus, the jury was not instructed that they could consider the lesser included offense of possession only if they unanimously voted for acquittal on the trafficking charge, as argued by Petitioner. The Court finds that under the facts of this case, Petitioner has not met his burden of establishing entitlement to habeas corpus relief as a result of an alleged error in the instructions.

Petitioner also asserts that improper comments by the prosecutor contributed to the instructional error.  During his closing argument, the prosecutor stated that,

> If you have reasonable doubt about the weight, if you think that this light material on these bricks weighs more than four and a half pounds, I'm duty bound to tell you that you need to consider possession of marijuana as the charge.  We contend that this doesn't weigh four and a half pounds, 4.95 pounds, and that this is indeed trafficking.  But that's the decision you need to make back there and you'll have the opportunity to look at these and feel this material and to make that call.

Dkt. # 9, Tr. Trans. at 214-15. Petitioner argues that the prosecutor, in effect, erroneously told the jury that they would have to acquit him of trafficking before they could consider the lesser included offense of possession.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair.

Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998).  Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings.  Donnelly, 416 U.S. at 643.  "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

Petitioner has failed to provide any support for his habeas corpus claim that comments by the prosecutor contributed to the instructional error discussed above.  Furthermore, Petitioner has not provided any argument to convince the Court that the OCCA's adjudication of his instructional error claim entitles him to relief under § 2254(d).  After reviewing the entire trial transcript, this Court finds no basis to conclude that the OCCA's rejection of this claim was an unreasonable application of constitutional law.  The prosecutor in this case did not misstate the law.  Cf. Graham, 27 P.3d at 1027-28 (Okla. Crim. App. 2001) (reversing and remanding on issue of lesser included offense instruction particularly in light of prosecutor's erroneous statement during closing argument that the jury had to unanimously find defendant not guilty of unauthorized use of motor vehicle before it could consider the lesser-included offense of joyriding).  Unlike the prosecutor in Graham, the prosecutor in Petitioner's case did not tell the jury that they had to unanimously find Petitioner not guilty of the greater offense of trafficking before they could consider the lesser included offense of possession.  Based upon the facts of this case, the Court finds no basis for habeas corpus relief on Petitioner's claim that comments by the prosecutor contributed to an alleged instructional error.  The proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct.

12

Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Petitioner's "motion to amend habeas action" (Dkt. # 22) is **denied**.

2.      The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3.      A separate Judgment shall be entered in this case.

**IT IS SO ORDERED** this 4th day of August, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT